**No. 42728.**—Protests 756968–G, etc., of Nippon Trading Co. et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel bridge table pencil holders, bird cages, paperweights, boxes; flower holders, lamp stands, vases, flower arrangement utensils, trays, candy boxes, and treasure boxes used chiefly on the table or in the household for utilitarian purposes were held dutiable at 40 percent under paragraph 339 as claimed. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), and *Woolworth* v. *United States* (26 id. 221, C. A. D. 20) cited.

**No. 42729.**—Protest 742727–G of Haruta & Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of paperweight, saving box, and letter opener chiefly used in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) and Abstract 38680 cited.

BEFORE THE THIRD DIVISION, DECEMBER 1, 1939

**No. 42730.**—Petition 5906–R of Photo Marketing Corporation (New York).

Opinion by KEEFE, J. It was established that the petitioner was diligent in ascertaining information as to the foreign value of the merchandise and that there was no intention to defraud the revenue. The petition was therefore granted.

**No. 42731.**—Petition 5856–R of Nippon Dry Goods Co. (Los Angeles).

Opinion by KEEFE, J. It was clear from the evidence that the additional duties were the result of an honest difference of opinion between the importer and the appraiser as to the value of the merchandise. As there was no intention to conceal or misrepresent the facts or to defraud the revenue the petition was granted.

**No. 42732.**—Petitions 5862–R, etc., of Samuel D. Leidesdorf, Trustee in bankruptcy. (New York).

Opinion by KEEFE, J. It appeared that there was an appeal to reappraisement and because the importer had entered into bankruptcy proceedings information became difficult to obtain and the appeals were abandoned. It was clear from the evidence that there was no intention to conceal or misrepresent the facts, to deceive the appraiser, or defraud the revenue. The petitions were therefore granted.